**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ANGELA LEONE, on behalf of herself and all
others similarly situated

                          Plaintiff,

        -against-                **MEMORANDUM OF**
                                    **DECISION AND ORDER**
                                    06CV5684(ADS) (ETB)

ASHWOOD FINANCIAL, INC.

                          Defendant.
---------------------------------------------------------------X

**APPEARANCES:**

**ADAM J. FISHBEIN, ESQ.**
Attorney for the Plaintiff
483 Chestnut Street
Cedarhurst , NY 11516

**CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER**
Attorneys for the Defendant
333 Earle Ovington Boulevard, Suite 502
Uniondale , NY 11553
        By:    Henry C. Dieudonne , Jr., Esq.;
                 Lynne B. Prommersberger, Esq.; and
                 Rona L. Platt, Esq., Of Counsel

**SPATT, District Judge.**

## I. BACKGROUND

On October 19, 2006, the plaintiff, Angela Leone, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, on behalf of herself and approximately 117 putative class members against the defendant debt collection agency, Ashwood Financial, Inc. ("Ashwood"). The plaintiff contends that the defendant violated Sections 1692e(5) and (10) of the FDCPA by transmitting false and misleading information in connection with an attempt to collect a debt, as well as falsely threatening the plaintiff with legal action.

The letter complained of stated, in pertinent part:

Please be advised that your account has been assigned to Ashwood Financial. Unless arraignments can be made to pay this debt *we* may have no alternative than to turn this debt over to an attorney. This action may result in a civil suit being filed against you.

Letter to Angela Leone, June 22, 2006 (emphasis added)

On March 16, 2009, the Court denied the defendant's motion for summary judgment and granted the plaintiff's motion for summary judgment on the ground that it was without authority to carry out its threatened action. In addition, the Court found that the defendant failed to obtain additional approval or authorization from the client creditor to commence civil actions against any of the 117 persons in the class prior to sending substantially the same letter to those

persons.

Further, the Court granted the plaintiff's motion to certify a class pursuant to Fed. R. Civ. P. 23 (b)(3). The Court certified the class as:

> [A]ll persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 22, 2006 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

Finally, the Court ordered that the plaintiff submit a proposed class action notice and provided a five day period for objections to the proposed notice. On March 23, 2009, the plaintiff submitted a proposed class action notice for the Court's consideration. To date, no objections have been filed.

Fed. R. Civ. P. 23(c)(2)(B) provides that

> [f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The plaintiff's proposed class notice makes several references to a settlement. However, the Court has not been informed of any proposed settlement between the parties and any award in this matter will be in the form of a judgment. Thus, all references to a settlement should be removed from the notice. Further, the Court finds that in order to render the class description adequate, a copy of the letter received by Leone, with personal identifying information redacted, must be attached to the notice. *See Ayzelman v. Statewide Credit Serv's. Corp.*, 238 F.R.D. 358, 367 n.14 (E.D.N.Y. 2006).

In addition, the proposed notice lacks language informing class members that they "may enter an appearance through counsel if the member so desires." Fed. R. Civ. P. 23(c)(2)(B). Finally, the notice should identify the charity to which uncollected monies will be donated. Accordingly, Court approves the proposed class action notice with the amendments as indicated in Appendix A.

For the foregoing reasons, it is hereby:

**ORDERED**, that the Court approves the Class Action notice attached hereto as Appendix A for individual distribution to the members of the class; and it is further

**ORDERED**, that the plaintiff shall attached the collection letter received

4

by Angela Leone from the defendant on or about June 22, 2006 as Exhibit A, with personal identifying information redacted; and it is further

**ORDERED**, that the plaintiff shall at her expense, mail the notices by first class mail to each class member; notify counsel for the defendant no later than five business days in advance of the mailing date; and notify counsel for the defendant in writing of the exact date and location from which the notices are mailed and provide such notice to counsel for the defendant by e-mail or telecopy on the date the notice is mailed; and it is further

**ORDERED**, that the parties are directed to appear for a hearing on damages on August 14, 2009 at 2:30pm in Courtroom 1020. The plaintiff may submit a brief in support of damages on or before July 20, 2009. Any opposition shall be filed on or before July 31, 2009.

**SO ORDERED.**
Dated: Central Islip, New York
May 9, 2009

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge

# APPENDIX A

**Notice of Class Action in Leone v. Ashwood Financial, Inc.
United States District Court, Eastern District of New York
06cv5684 (ADS) (ETB)**

**<u>This is not an attorney solicitation</u>**

**This notice advises you that the above matter has been certified as a class action lawsuit by the Court.
You are not being sued.**

**What is this lawsuit about?**

The plaintiff, Angela Leone is a consumer who resides in New York. On October 19, 2006, she filed this lawsuit against the defendant, Ashwood Financial, Inc.

Leone claimed that the defendant violated the Fair Debt Collection Practices Act ("FDCPA") by sending collection letters which falsely threatened to file suit against New York consumers in violation of 15 U.S.C. § 1692e(5) and 1692e(10). <u>A redacted copy of the letter received by Ms. Leone is attached to this notice as Exhibit A.</u>

The Court found that the defendant did not have authority to file suit against the class members at the time of the sending of the collection letters, which you received. Being that the Court has certified the action as a class action suit, the class members are entitled to compensation.

The Court has certified a class as follows:
> The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about June 22, 2006 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

Adam J. Fishbein, Esq. has been designated by the Court as class counsel in this case.  Questions concerning this notice or your eligibility to participate in this lawsuit may be addressed to Adam J. Fishbein, Esq. 483 Chestnut Street, Cedarhurst, New York 11516.  Mr. Fishbein's telephone number is (516) 791-4400.  **Please do not contact the Clerk of the Court with questions regarding this lawsuit.**

The attorney for the defendant is Henry Dieudonne of Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, 333 Earl Ovington Road, Suite 502, Uniondale, New York 11553.  Mr. Dieudonne's telephone number is (516) 542-5900.

**Why am I receiving this notice?**

You are receiving this notice because the defendant's record show that you are a class member.  This notice advises you of benefits you are entitled to receive under any damages award in this case.  This notice describes the lawsuit and provides a summary of the potential award in this case.

The Court will hold a damages hearing on August 14, 2009 at 2:30pm in Courtroom 1020 at the U.S. District Court, Eastern District of New York, located at 100 Federal Plaza, Central Islip, New York 11722 before the Honorable Arthur D. Spatt.  The Court will determine whether to finally approve an award to the class and Ms. Leone, as well as attorney's fees and costs.  The hearing may be continued or adjourned to a different date by order of the Court.  **You are not required to attend the hearing, although you have the right to attend if you chose to do so.  If you intend to appear at the hearing, you must mail a statement of your intention to each of the following:**

| | |
|---|---|
| Adam J. Fishbein | Henry Dieudonne |
| Attorney at law | Congdon, Flaherty, O'Callaghan, Reid, |
| 483 Chestnut Street | Conlon, Travis & Fishlinger |
| Cedarhurst, New York 11516 | 333 Earl Ovington Road, Suite 502 |
| | Uniondale, New York 11553 |

**What are the potential damages in this case?**

The FDCPA provides for the recovery of actual and statutory damages as well as payment of costs and reasonable attorney's fees to a successful plaintiff. This lawsuit seeks statutory damages only, and the maximum statutory damages recoverable in a class action under the FDCPA are limited to one percent (1%) of the defendant's net worth. There is no guarantee, however, that the maximum statutory damages will be awarded.

The defendant sent the collection letters at issue in this case to approximately 116 New York consumers, in addition to Ms. Leone. The defendant can be held liable for 1% of its net worth, which does not appear to be a large number at this point in time. If the Court approves the award, class members who do not exclude themselves from the lawsuit will receive an equal share of the class fund, perhaps $2,500.00. Thus, each class member who does not opt out from the lawsuit may receive approximately $21.55 from the judgment. It is possible that the amount for each class member may be less depending upon what the Court determines is the actual net worth of the company and how much the Court will award for the class.

**What are the other potential terms of the resolution of this matter?**

The defendant may be ordered to pay (a) litigation costs, (b) class administration expenses, and (c) attorneys fees. Any funds from checks that are not cashed within 90 days will be distributed to _____(specify charity).
Class counsel will make an application for attorney's fees and costs. The plaintiff in this lawsuit, Ms. Leone, may receive $1000.00 as the maximum statutory damages and an incentive award for her services as class representative. The defendant would pay these amounts in addition to the above described class fund, which would be made available to class.

**What are my options?**

You have the right to determine how, if at all, you participate in this case.

**Choice No. 1. Do nothing and receive a judgment check.**

If you want to participate in the lawsuit and receive part of the fund for the class, **you do not have to do anything**. A check will be sent to you automatically following entry of the final judgment in this suit by the Court. If the judgment is entered by the Court, you will be sent a check and you will also be releasing all claims you have against the defendant that are similar to the claims that Leone raised in the complaint. You will also be bound by all Court decisions in this action.

If you do not exclude yourself from the class, Class Counsel, Adam J. Fishbein, Esq. will represent you. You are agreeing to enter an agreement with Class Counsel concerning attorneys fees and costs, and all other matters pertaining to this lawsuit. You will not be required to pay any fee for services provided by Class Counsel. If you are represented by Adam J. Fishbein, his costs and fees will be assessed by the Court against the defendant.

**You have a right to consult with your own attorney about this matter. If you wish to be represented by other counsel, you may retain another attorney, but you will be responsible for making payment arrangements with that attorney.**

**Choice No. 2. Exclude yourself (opt out of) the Class.**

If you do not want to be a member of the Class, you have the right to opt out or exclude yourself by filing a written request for exclusion. <u>If you exclude yourself from this action you will neither share in the Class recovery nor be bound by the judgment in this matter.</u> If you exclude yourself, you will have the right to bring an individual action on your own behalf.

**If you choose not to join this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.**

If you want to exclude yourself from the Class, you must send a letter stating, I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN LEONE V. ASHWOOD FINANCIAL, 06CV5684, <u>that contains your name and address to each of the following:</u>

| | |
|---|---|
| Adam J. Fishbein | Henry Dieudonne |
| Attorney at law | Congdon, Flaherty, O'Callaghan, Reid, |
| 483 Chestnut Street | Conlon, Travis & Fishlinger |
| Cedarhurst, New York 11516 | 333 Earl Ovington Road, Suite 502 |
| | Uniondale, New York 11553 |

**<u>Your request for exclusion from the Class must be received by July 13, 2009.</u>**

**What if my address has changed?**

If this notice was sent to your correct address, you do not need to do anything. If the address on this notice is incorrect, please update your address to make sure that any money you may be due under the judgment is sent to your correct address. Class members may update their addresses by writing to the Claims Administrator at the following address:

First Class, Inc.
Attn: Leone v. Ashwood
626 S. Clark Street, 7th Floor
Chicago, IL 60605-1711

**What if I still have questions?**

You can inspect the court papers filed in this case in the Office of the Clerk, United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York. **Please do not call the Judge or Clerk of the Court. They will be unable to give you any advice about this case.**
If you have any more questions, please call Adam J. Fishbein at (516) 791-4400.

<u>THIS NOTICE HAS BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE ARTHUR D. SPATT, UNITED STATES DISTRICT JUDGE.</u>